UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN MORGAN LITTLE,

    Petitioner,

-vs-                                                        Case No. 6:08-cv-1996-Orl-31KRS

SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.,

    Respondents.

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed replies to the response (Doc. Nos. 13 and 18).

Petitioner alleges three claims for relief in his habeas petition: 1) trial counsel was ineffective for failing to convey the State's plea offer in a timely manner ; 2) trial counsel was ineffective for advising Petitioner to reject the State's plea offer; and 3) Petitioner has "uncovered new evidence which exonerates him of guilt."

I. *Procedural History*

Petitioner and another individual were charged in a four-count information with various crimes. Petitioner was charged in counts one (robbery), two (grand theft third degree), and four (battery). A jury trial was held, and, at trial, the trial court dismissed count two. Petitioner was found guilty of robbery and battery. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to the robbery count, to be followed by probation for a term of fifteen years, and to time-served as to the battery count. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and an amended motion for postconviction relief with the state trial court, raising twelve claims. The trial court entered an order denying grounds one through four and six through twelve and scheduling an evidentiary hearing as to ground five. After the evidentiary hearing, the trial court entered an order denying ground five. Petitioner appealed, and the state appellate court affirmed *per curiam*.

Petitioner then filed a motion to correct illegal sentence with the state trial court, which was granted in that the fifteen year term of probation was struck from the sentence for his robbery conviction.

Finally, Petitioner filed another Rule 3.850 motion, which was denied as successive and procedurally barred.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.  *Analysis*

A.  *Claims One and Two*

Petitioner avers in claim one that trial counsel was ineffective for failing to convey the State's plea offer in a timely manner and in claim two that trial counsel was ineffective for advising Petitioner to reject the State's plea offer. These claims were raised in

5

Petitioner's first Rule 3.850 proceedings and were denied.

Prior to trial, the following colloquy occurred:

> THE COURT: Okay. Now, what offer was made by the State?
>
> MR. MCCHESNEY [the prosecutor]: Your Honor, the offer was 72 months Department of Corrections.
>
> MS. PAYNE [Petitioner's counsel]: Judge, actually, if I could just be honest about this. He had not given me an offer until the other day. My client had asked me what the offer was but he indicated that he wasn't going to take it. I conveyed it through a third person and I believe he received that offer, but I'm not sure.

(Appendix II, Transcript of Trial at 5.) The trial court then proceeded to discuss the offer with Petitioner to make sure he understood the terms of the offer and the maximum sentence he faced if convicted at trial. In fact, the trial court told Petitioner that the plea offer was for a sentence of imprisonment for a term of 72 months and that the maximum sentence in the case was imprisonment for a term of 41 years. *Id.* at 6. After the trial court and Petitioner discussed the plea offer, Petitioner decided to reject it and proceed to trial.

An attorney's failure to communicate a plea offer to his client, or to advise his client adequately about the plea offer, may constitute ineffective assistance of counsel. *See Osorio v. Conway*, 496 F.Supp.2d 285, 303 (S.D.N.Y. 2007). In order to prevail on such a claim, the petitioner must demonstrate that 1) the attorney failed to communicate a plea offer or provide adequate advice about the plea and sentencing exposure, and 2) there is a reasonable probability that, but for the attorney's deficient performance, the petitioner would have accepted the plea offer. *Id.*

In the present case, the trial court discussed the plea offer with Petitioner in detail

to ensure that Petitioner was aware of its terms. Thus, even if Petitioner's counsel had not fully discussed its terms with him prior to the commencement of the trial, Petitioner was aware of the plea offer before the trial began, and he still chose to reject it. In addition, there was nothing in the record showing that Petitioner was advised by counsel to reject the plea offer; rather, the trial court discussed the plea offer and its terms (including possible sentencing exposure) with Petitioner, and Petitioner decided to reject the offer and proceed to trial. Consequently, Petitioner has not shown that counsel acted unreasonably with regard to these matters or that he sustained prejudice. Under the circumstances, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" clearly established federal law. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Accordingly, claims one and two are denied.

B.   *Claim Three*

Petitioner contends that he has "uncovered new evidence which exonerates him of guilt." In particular, he states that Eddie Kimble, a co-defendant in this case, submitted an affidavit which "provides that Petitioner took no part in the Robbery of the Pizza Hut manager, or that he knew of the robbery." This claim was raised in Petitioner's first Rule 3.850 proceedings, and the trial court found that the claim was without merit because 1) there was strong eyewitness evidence of Petitioner's guilt, and 2) Mr. Kimble could be impeached since he was a convicted felon.

Newly discovered evidence generally will not warrant habeas relief absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Typically, newly discovered evidence of actual innocence serves only to satisfy the fundamental miscarriage of justice exception that excuses a petitioner's procedural default and permits a court to address an otherwise barred constitutional claim. *See id.* at 404. Here, Petitioner does not assert his actual innocence in the form of a gateway to this Court's review of an otherwise procedurally barred claim; rather, Petitioner seeks habeas relief on the basis that newly discovered evidence shows that his conviction was factually incorrect. Petitioner's claim is therefore not cognizable in these proceedings

Further, the newly discovered evidence in this case conflicts with other evidence in the record, suffers from credibility issues, and falls short of "truly persuasive demonstration of actual innocence." *See id.* at 417. For example, at trial, Steven Barber identified Petitioner as one of the individuals who attacked him. (Appendix II, Transcript of Trial at 90.) Cameron Lee Outland and Robert Chamberlain both testified that they chased Petitioner and fought with him, and they both identified Petitioner at trial. *Id.* at 148, 169-71. Linda Hynek saw Petitioner and another individual attacking Mr. Barber. *Id.* at 120-22. Additionally, Mr. Kimble's credibility would be at issue because of his status as a convicted felon.

Finally, Petitioner had his claim of newly-discovered evidence considered by the state courts (both the trial court and appellate court considered the claim). Both agreed that the claim lacked merit. Their decisions are not contrary to, nor unreasonable applications

of, clearly-established federal law.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by John Morgan Little is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly, and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 21st day of April, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 4/21
Counsel of Record
John Morgan Little

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.